UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-29(1) PAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MERNA J. SUNDE,<br><br>Defendant. | ) | GOVERNMENT'S RESPONSE TO REQUEST FOR APPOINTMENT OF COUNSEL |

On August 1, 2005, defendant filed a request for appointment of counsel in connection with the garnishment of a public employees retirement pension to pay restitution in the above-entitled case. Defendant is not entitled to appointment of counsel.

Appointment of counsel under the Sixth Amendment is "explicitly confined to 'criminal prosecutions.'" Austin v. United States, 509 U.S. 602, 608 (1993). While the restitution obligation being enforced through garnishment arose in a criminal case, the collection of the restitution is a civil matter. See 28 U.S.C. §§ 3002(3)(B) and 3205.

In a civil proceeding, the Court has discretionary authority to request that a lawyer assume representation. See Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); O'Connor v. Jones, 946

F.2d 1395, 1397 n.2 (8th Cir. 1991). A court exercises that discretion, however, only when the defendant and the court will both benefit substantially from the counsel's assistance. See Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984). The court must weigh the factual and legal complexities of the case, the capability of defendant to investigate the facts and present her contentions and the existence of conflicting evidence. See, e.g., Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer, 87 F.3d at 1033; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri Dept. Of Corr., 52 F.3d 777, 780 (8th Cir. 1995).

Here, the issue presented is a straightforward matter of law. Although defendant takes the position that her public pension from the State of California should be exempt from garnishment, she is clearly mistaken. Pursuant to 18 U.S.C. § 3613(a) and (f), the only types of pensions exempt are certain Railroad Retirement and military pensions and annuities. See 26 U.S.C. § 6334(a)(6). As defendant's public employee pension is not among those exempt, her claim for exemption fails legally and factually. There simply is nothing complicated about the analysis and nothing that requires the skill of appointed legal counsel to present to

the Court in a cogent manner. Moreover, it is clear from defendant's objection to garnishment and her request for appointment of counsel that she has the capacity to develop and articulate her position on garnishment of her pension.

As there is nothing presented here to prompt the Court to appoint counsel using its discretionary authority and because the Sixth Amendment right to counsel is inapplicable to the civil garnishment matter, the request to appoint counsel should be denied.

Dated: August 3, 2005

THOMAS B. HEFFELFINGER
United States Attorney

s/ M. Trippler
BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887600
United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
Attorneys for Plaintiff