UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-29(1) PAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MERNA J. SUNDE,<br><br>Defendant,<br><br>and<br><br>CALIFORNIA PUBLIC EMPLOYEES RETIREMENT SYSTEM,<br><br>Garnishee. | PLAINTIFF UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO GARNISHMENT |

This matter is before the Court on defendant's objections to garnishment of her monthly California Public Employee pension to pay restitution in this criminal case. The defendant objects on a number of grounds, none of which has merit and, accordingly, an order for garnishment should be entered in favor of the plaintiff United States.

FACTS

On July 24, 2001, defendant was sentenced to 51 months in prison and was ordered to pay $465,161 in restitution. See Judgment and Commitment Order ("J&C"), dated July 24, 2001, attached as Exhibit A to the Declaration of Jessica Scott. Under the terms of the J&C, restitution was payable on a

payment plan established by the Court.[1] Id. On June 3, 2002, an Order of Clarification of Judgment was entered making the restitution due and payable immediately. See Order attached as Exhibit C to the Scott Declaration.

Since sentencing, defendant has made payments totaling $28,525 on this restitution debt and now owes $436,636. A copy of defendant's payment history is attached as Exhibit D to the Scott Declaration. She is currently on supervision and is required to pay $100 per month to comply with the supervision terms established by her probation officer.

When the restitution obligation was not paid in accordance with the Court's June 3, 2002, Order, the United States made a demand for payment, informing defendant that, if she failed to pay the debt in full as ordered, the government would pursue enforced collection. See Demand Letter of June 10, 2004, attached as Exhibit E to the Scott Declaration. When defendant failed to pay in accordance with the Court's order, the government sought a writ of garnishment.

The writ was issued on April 22, 2005. See Writ of

[1] On October 29, 2001, the Court entered an order making defendant jointly and severally liable for restitution with co-defendant Scott Taylor. See Order Amending Judgment, dated October 29, 2001, attached as Exhibit B to the Scott Declaration. Scott Taylor has since died, and his liability to pay restitution ceased. See 18 U.S.C. §§ 3613(b) and (f).

Garnishment attached as Exhibit F to the Scott Declaration. Defendant and the garnishee were served with the writ as shown by the U.S. Marshal's Return of Service in the Court's file. The garnishee, California Public Employees Retirement System, answered the writ, stating that it holds funds in the form of monthly pension payments, belonging to defendant. See Answer of Garnishee attached as Exhibit G to the Scott Declaration.

On August 1, 2005, defendant filed objections to the Writ of Garnishment. She also made a separate request for appointment of counsel, which was denied by the Court on August 11, 2005. See Letters to Clerk of Court, dated July 20, 2005, attached as Exhibits H and I to the Scott Declaration. See also the August 11, 2005, Order attached as Exhibit J to the Scott Declaration. On August 31, 2005, and September 7, 2005, defendant filed addendums to her objections to the garnishment. See Exhibits K and L to the Scott Declaration. The matter is now before the Court on defendant's garnishment objections.

DISCUSSION

Defendant makes six objections, none of which bars garnishment. First, she claims that her pension is exempt under a Court order dated August 14, 2001, which purportedly

provides that none of her property may be taken to satisfy the restitution order. Second, she asserts that the Writ violates the payment terms outlined in the J&C, dated July 24, 2001. Third, she argues that garnishment of her pension violates the plea agreement dated October 16, 2000. Fourth, she contends the garnishment will cause her hardship. Fifth, she claims exemption from garnishment for certain personal property, including wearing apparel, fuel, furniture, undelivered mail, personal effects and certain annuity and pension payments under 18 U.S.C. § 3613. Sixth, she asserts that the exemptions found at 18 U.S.C. § 3613, which reference 26 U.S.C. § 6334 exemptions, are inapplicable since § 6334 exemptions apply to the repayment of taxes, not restitution. Defendant is wrong on all accounts.

1. Defendant's pension is not exempt from garnishment.

Defendant asserts that her pension is exempt from garnishment under the terms of an August 14, 2001, order which provides that none of her property may be taken to satisfy the restitution judgment. See Exhibit H to the Scott Declaration. This Court issued no such order. Defendant was sentenced on July 24, 2001. The J&C issued that date contains no such limitation, nor do the subsequent orders dealing with

restitution issues. See Exhibits A, B and C to the Scott Declaration.

Defendant attaches to her garnishment objections a copy of a Bureau of Prisons ("BOP") Sentencing Monitoring Computation form, dated August 14, 2001. See Exhibit L to the Scott Declaration. This BOP form is most certainly not a Court order. Instead, it merely sets forth information contained in an inmate's central file about the inmate's sentence, projected release date and supervision. One portion of the form addresses restitution, which may, by statute, be paid by return of property, in-kind services or payment for loss. See 18 U.S.C. § 3663A(b), 3664(f). That defendant's form says "PROPERTY: NO" is no bar to garnishment but simply a reference to the kind of restitution ordered by the Court.

2. Garnishment of monthly pension plan payments are not in violation of the Court-ordered payment terms.

Defendant's contention that the garnishment is in violation of Court-ordered payment terms is simply wrong. The J&C, dated July 24, 2001, initially ordered restitution paid on a monthly payment plan. However, the Court entered an Order of Clarification of Judgments on June 3, 2002, making restitution immediately due and payable. See Exhibits A and C to the Scott Declaration. When defendant did not pay in

accordance with the Order of Clarification of Judgments, the United States gave proper notice and proceeded with enforced collection.

That defendant is now paying $100 as required by her probation officer is similarly no bar to garnishment. Compliance with the terms of her supervision by making this minimal payment does not override this Court's order that restitution should be paid immediately. See Exhibit C to the Scott Declaration. Even were the monthly plan Court-imposed, the government would not be "precluded from pursuing other avenues of ensuring [defendant's] restitution obligation is satisfied. Court-imposed payment schedules are merely one means available to enforce a restitution judgment." United States v. James, 312 F.Supp.2d 802, 806-07 (E.D. Va. 2004). See United States v. Hanhardt, 353 F.Supp.2d 957 (N.D. Ill. 2004)(holding that order setting restitution payment schedule over period of supervised release did not bar garnishment of monthly annuity benefit while defendant incarcerated).

Here, the government is enforcing this Court's order through garnishment of defendant's non-exempt assets and, in fact, consulted with defendant's probation officer before seeking the Writ. Declaration of Jessica Scott. Defendant's

contention that the Writ violates the Court's order is simply wrong.

3. Garnishment of defendant's monthly pension payments does not violate the plea agreement.

On October 16, 2000, a Plea Agreement was signed by all interested parties and filed with the Court. See Plea Agreement attached as Exhibit M to the Scott Declaration. Paragraph 9 of the Plea Agreement discusses that defendant is responsible for restitution to all victims for the full amount of their loss. The Plea Agreement is silent on what assets may or may not be available for attachment by the government for restitution. This claim lacks merit.

4. Hardship is not a defense to garnishment.

Title 18, United States Code § 3613 defines what property is exempt from execution to pay restitution. Review of that statute and its legislative history indicates that defendant's hardship argument is not a defense to garnishment.

In enacting 18 U.S.C. § 3613, Congress purposefully established only limited exemptions from enforced collection to pay criminal fines and restitution. Section 3613 provides that:

> [n]otwithstanding any other Federal law..., a judgment imposing a fine may be enforced against

> all property or rights to property of the person fined, except that –
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1),(2),(3),(4), (5), (6),(7),(8)(10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement under Federal law;
>
> (2) section 3014 of chapter 176 or title 28 shall not apply to enforcement under Federal law; and
>
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. §3613(a).

The same exemptions apply to restitution judgments. 18 U.S.C. §3613(f).

In choosing this language, Congress clearly intended to limit the property exempt from execution to pay fines and restitution. See United States v. Rice, 196 F.Supp.2d 1196, 1199-2000 (N.D. Okla. 2002), citing H.Rep.No. 98-1030, S.Rep. No. 98-634 and H.Conf.Rep. No. 98-1159, reprinted at 1984 U.S.C.C.A.N. 3182, 3318-23. Only that property specified in § 3613 is unavailable for enforcement. Id. That means that enforcement is not limited by differing exemptions under state law or by provisions of federal law other than those outlined in the statute. See id. See also United States v. Nash, 175 F.3d 440, 443 (6th Cir. 1999)(noting that under § 3613, "the

United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. § 6334.").

Given the language of § 3613 and the clear Congressional intent, there is no room for a claim of hardship such as the one defendant makes here. Section 3613 is specific and clear: pension plans are available for garnishment. See 18 U.S.C. §3613(a)(1). Had Congress wished to make hardship an additional exemption, it would have done so by statute. Defendant's hardship objection to garnishment to pay her criminal restitution must, therefore, be rejected. See United States v. Mahar, 42 F.3d 1389, 1994 WL 657089 (6th Cir. 1994)(stating that criminal defendant's argument that he cannot afford amount of garnishment is not a permissible defense to garnishment to pay fine).

Moreover, even if § 3613 allowed the Court to entertain a hardship defense, the equities here do not favor defendant. In the more than four years this judgment has been pending, defendant has paid only $28,525; she still owes $436,636. See Payment History attached as Exhibit D to the Scott Declaration. In addition, defendant has made no showing that

she should be treated differently that other criminal defendants to whom the criminal exemption statute apply. While Congress provided for exemptions to enforcement, it clearly did not intend the garnishment statutes to be used by such defendants to avoid their court-ordered criminal monetary obligations. Cf. Friends of Sakonnet v. Dutra, 125 B.R. 69,72-73 (D.R.I. 1991)(noting that 15 U.S.C. § 1673 enacted to protect consumers from unscrupulous lenders and merchants, not to allow debtors to avoid court-ordered costs of environmental cleanup). Congress has determined what is reasonable and equitable for criminal defendants to exempt from execution. Claimed hardship is not one of them. Defendant’s hardship claim is meritless.

5. Defendant’s claims for exemption lack merit.

Defendant makes several claims for exemption under 18 U.S.C. § 3613. First, she seeks to exempt personal property, including wearing apparel; fuel, furniture and personal effects; books and tools of a trade; undelivered mail; and certain annuity and pension payments. See Exhibit H to the Scott Declaration. Her claims for exemption lack merit.

As noted above, exemptions available to criminal restitution debtors like defendant here are set forth at 18

U.S.C. § 3613(a)(1). Under that statute, a defendant debtor may be able to exempt certain personal property, including those items claimed by defendant, *if, in fact, the government were seeking to enforce collection against such items.* Here, however, defendant's exemption claim for personal property is wholly inapplicable for the simple reason that government is *not* seeking to execute against wearing apparel, fuel, furniture, personal effects, books, tools of a trade and undelivered mail. Instead, it is seeking to enforce collection against defendant's monthly pension payments. Accordingly, defendant's claims for exemption as to these items must fail.

Her claim that her pension benefits are not subject to garnishment suffers the same fate. Although certain military and railroad retirement pensions are exempt from execution under 18 U.S.C. § 3613(a)(1), the public employee pension defendant seeks to exempt is not among them.[2]

Defendant simply cannot carry her burden of showing that her claimed exemptions are applicable. The government seeks no more than what Congress mandated be available to pay

---

[2] The pensions exempt from enforcement to pay restitution are limited to certain military and Railroad retirement annuities and benefits. See 18 U.S.C. § 3613(a)(1); 26 U.S.C. § 6334(a)(6).

criminal restitution victims. See 18 U.S.C. § 3613(a). Accordingly, defendant's objections to garnishment must be rejected.

6. Garnishment of pension monies is not barred by 26 U.S.C. § 6334 or ERISA.

Defendant's contention that the exemptions referenced in 18 U.S.C. § 3613 are applicable only for tax cases is simply wrong. In deciding what assets may be exempt from enforced collection to pay restitution, Congress chose to incorporate certain Internal Revenue Code exemptions found at 26 U.S.C. § 6334. Under 18 U.S.C. § 3613(a), only those exemptions found at 26 U.S.C. §§ 6334(a)(1)-(8), (10) and (12) are applicable to criminal collections. See United States v. Rice, 196 F.Supp.2d 1196, 1199 (N.D. Okla. 2002)(noting that language of § 3613 and its legislative history make clear that government may enforce collection of restitution against all property except that listed in subsection (a)). The exemptions include wearing apparel and schoolbooks; fuel, furniture and personal effects up to statutory limits; books and tools of the trade; unemployment benefits; undelivered mail; certain railroad and military annuity and pension payments; worker's compensation benefits; child support; service-connected disability payments; and certain job

training benefits. Under 15 U.S.C. § 1673, a percentage of current wages are also exempt. None of the exemptions, however, including those relating to railroad and military annuity and pension benefits, applies to an interest in a pension benefit of the type owed by defendant through an employer such as the State of California. See Rice, 196 F.Supp.2d at 1199 (detailing types of pensions and annuities exempt from execution).

In addition, because an interest in an ERISA-qualified plan does not fit within any of the exemptions of § 3613(a), ERISA does not bar garnishment of a pension plan to pay criminal restitution. United States v. Sowada, 2003 WL 22902613 (E.D. La. 2003). See also United States v. James, 312 F.Supp.2d 802 (E.D. Va. 2004); United States v. Garcia, 2003 WL 22594362 (D. Kan. 2003). The government has appropriately garnished defendant's pension payments.

CONCLUSION

Defendant has not met her burden of proof to show that the garnishment here is inappropriate. None of the statutes she cites or the assertions she makes bars garnishment. Accordingly, the Court should enter the attached order for

garnishment of defendant’s pension plan to pay restitution to the victims of her crimes as set forth in the Writ of Garnishment.

Dated: October 27, 2005

THOMAS B. HEFFELFINGER
United States Attorney

s/ M. Trippler
BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415
(612) 664-5600
Attorneys for Plaintiff