AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

**District of Minnesota**

UNITED STATES OF AMERICA
v.
**MERNA JEAN SUNDE**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **CRIM. 00-29(1) PAM**

Paul Applebaum
Defendant's Attorney

**THE DEFENDANT: Merna Jean Sunde**

[✔] pleaded guilty to count(s): 40 of the Indictment.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involves the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1956(a)(1)(A)(i) and 2 | Money Laundering | 6-22-98 | 40 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).
[✔] Count(s) 1 thru 39, and 41 thru 94 of the Indictment (is)(are) dismissed on the motion of the United States.

Special Assessment Amount $ $100.00 in full and immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: [redacted]7877
Defendant's Date of Birth: [redacted]34
Defendant's USM No.: 09266-041
Defendant's Residence Address:
[redacted]
**Albert Lea, MN 56007**

Defendant's Mailing Address:

July 24, 2001
Date of Imposition of Judgment

Signature of Judicial Officer

**PAUL A. MAGNUSON**, United States District Judge
Name & Title of Judicial Officer

July 24, 2001
Date

Filed__________
Richard D. Sletten, Clerk
Judgment Entd________
Deputy Clerk__________

A true copy in 5 sheet(s) of the record in my custody.
Certified ________, 2001
by ______________
Deputy Clerk

1997R06463
MEJ 038
PSUS
Austrum

GOVERNMENT EXHIBIT A

CASE NUMBER: CRIM. 00-29(1) PAM
DEFENDANT: MERNA JEAN SUNDE



# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 51 months.

[✔] The court makes the following recommendations to the Bureau of Prisons:
the defendant has serious physical and psychological problems, because of this the court strongly recommends that the defendant be placed in a correctional institution with physical and mental health care facilities. The court also recommends that the defendant participate in the Inmate Financial Responsibility Program while incarcerated.

[✔] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ____________________ to ____________________

at ____________________, with a certified copy of this judgment.

____________________
UNITED STATES MARSHAL

By ____________________
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three years .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE NUMBER: CRIM. 00-29(1) PAM
DEFENDANT: MERNA JEAN SUNDE



## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
2) The defendant shall provide the probation officer access to any requested financial information.
3) The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.
4) The defendant is not required to undergo mandatory drug testing.
5) The defendant shall participate in a psychological counseling or treatment program, as approved and directed by the probation officer. The defendant shall take any prescribed medications as directed by her medical provider.
6) The defendant shall have no contact with the victims (including letters, communication devices, audio, or visual devices, visits or any contact through a third party) without prior consent of the probation officer.
7) The defendant shall pay restitution in the amount of $465,161.00. The restitution is due to the victims as indicated in the schedule filed under seal with the Clerk of Court. Payments of not less than $100 per month are to be made over a period of three years commencing 30 days after release from confinement. Payments are to be made payable to the Clerk, U.S. District Court, for disbursement to the victims. The interest requirement is waived by the Court.

8)

# STATEMENT OF REASONS

[ ] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 24

Criminal History Category: I

Imprisonment Range: 51 to 63 months

Supervised Release Range: 2 to 3 years

Fine Range: $ 10,000 to $ 930,322

[ ] Fine is waived or is below the guideline range, because of inability to pay.

Total Amount of Restitution: $ 465,161.00

The restitution is due to the victims as indicated by the schedule provided to the court from the Probation Officer. This schedule is filed under seal with the Clerk of Court.
Payments of not less than $100.00 per month are to be made over a period of three years commencing 30 days after release from confinement. Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victims.
The interest requirement is waived by the Court.