UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 00-29 (PAM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MERNA JEAN SUNDE, and SCOTT BRIAN TAYLOR Defendants. | ) | ORDER OF CLARIFICATION OF JUDGMENTS |

The United States of America by Thomas B. Heffelfinger, United States Attorney, and Michelle E. Jones and Paul A. Murphy, Assistant United States Attorneys, has moved the Court to clarify the judgments it entered in the above-captioned case.

The record in this case establishes that on July 24, 2001, the Court sentenced the defendants in the above-referenced matter. As part of the sentence, the written Judgment in the Sunde case (Sunde Judgment) requires defendant Sunde to make restitution payments in the amount of $465,161.00. See Sunde Judgment, dated July 24, 2001, at 4. However, the language in the Sunde Judgment does not state that restitution shall be due and payable immediately to the victims of the defendant's crimes. The Judgment in the Taylor case (Taylor Judgment) requires defendant Taylor to pay restitution in the amount of $82,410.00 jointly and severally with co-defendant Sunde. See Taylor Judgment, dated July 24, 2001, at 4. However, the language in the Taylor Judgment does not indicate that restitution shall be due and payable immediately to the victims of the defendant's crimes. By Order dated October 29, 2001, this Court amended the Sunde Judgment to reflect that the restitution ordered is owed jointly and severally with co-defendant Taylor.



GOVERNMENT EXHIBIT C

FILED JUN 03 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, the United States has requested that the Sunde and Taylor Judgments be clarified to indicate that the restitution ordered is "due and payable immediately". The United States thereby requests that the Judgments be clarified to reflect the exact intention of the Court with regard to the timing of the payments. The clarification of the Judgments that is requested by the United States in no way increases the punishment imposed on the defendants and, thus, clearly does not impact their due process rights. United States v. Lundien, 769 F.2d 981 (4th Cir. 1985). During the sentencing, the Court intended to make the restitution due and payable immediately when it stated:

> In addition to this, the Court does order payment of restitution in the sum of $465,161. This restitution is due to the victims as indicated in the schedules attached to the presentence report. Payments of not less than $100 a month are to be made over a period of three years, commencing 30 days after release from confinement. (Sentencing Transcript p. 30)

This Court clearly stated that restitution in the sum of $465,161 is ordered and clearly stated that restitution is due to the victims. Both Judgments expressly state that "the restitution is due to the victims as indicated in the schedule filed under seal with the Clerk of Court." See Sunde and Taylor Judgments at pp. 4, 5. This Court inadvertently neglected to include the "and payable immediately" language in those parts of the Judgments pertaining to restitution. This Court further recommended that both defendants participate in the Inmate Financial Responsibility Program. See Statement of Reasons for Imposing Sentence (Sunde) at 5; Sunde Judgment at 2 Statement of Reasons for Imposing Sentence (Taylor) at 8; Taylor Judgment at 2. These recommendations illustrate the Court's intent that the defendants commence payment of their restitution obligations immediately, rather than after completion of their sentences of imprisonment. Further, pursuant to 18 U.S.C. § 3572(d)(1)(2001), a person ordered to pay restitution "shall make such payment

immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." Although the Judgments contain installment payment requirements during the defendants' periods of supervised release, this Court did not intend for post-release installment payments to be the defendants' sole source of payment of their restitution obligations. Instead, the Court's statements at sentencing indicate its intention that the monthly payments ordered during each defendant's period of supervised release would supplement any restitution remaining owed at the time of the defendants' release from confinement. This Court made specific mention of the defendants' substantial assets from which restitution could be made during the sentencing hearings. This Court intended to follow the statutory guidelines with respect to the immediate payment of restitution as is further evidenced by the absence of an indication otherwise.

The United States has also requested that as part of this Court's clarification of the Judgments the Court permit the government to apply the $26,900.00 seized during the investigation of this case toward the Court-ordered restitution and to prevent further liquidation of the defendants' assets.

For the reasons set forth above, IT IS ORDERED that:

1. The Judgments in this case are hereby amended to reflect the original intent of this Court that the restitution ordered be due and payable immediately to the victims; and

2. The $26,900.00 seized during the investigation is to be applied to the Court-ordered restitution immediately; and

3. The United States may proceed immediately to prevent further liquidation of the defendants' assets.

SO ORDERED.

June 3, 2002

PAUL A. MAGNUSON, Senior Judge
UNITED STATES DISTRICT COURT