UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-29(1) PAM

UNITED STATES OF AMERICA,

Plaintiff,

v.

MERNA JEAN SUNDE,

Defendant,

and

CALIFORNIA PUBLIC EMPLOYEES RETIREMENT SYSTEM,

Garnishee.

ANSWER OF THE GARNISHEE (NON-EARNINGS)

RECEIVED BY MAIL
JUL 11 2005
CLERK US DIST COURT MINNEAPOLIS MN

California Public Employees Retirement System, being duly sworn, deposes and says:

**If Garnishee is an individual:**

That he/she is Garnishee herein doing business in the name of
California Public Employees' Retirement System (CalPERS)
400 P Street, Suite 3340, Sacramento, CA 95814
(Provide full name and address of business)

**If Garnishee is a partnership:**

That he/she is a member of Not Applicable,
(Full name/address of partnership)

a partnership, of which Garnishee is a partner.

**If Garnishee is a corporation:** Not Applicable

That he/she is the ________________ of Garnishee, ____________
(Title) (Full name/address of corporation)

________________________, a corporation, organized under the laws of the State of ____________________.

On ________________, 2005, Garnishee was served with the Writ

SCANNED
JUL 11 2005
U.S. DISTRICT COURT MPLS

GOVERNMENT EXHIBIT
6

of Garnishment. If, **as of the date of service of said Writ**, Garnishee was in custody, control of possession of non-earnings' property in which the above-named defendant has financial or legal interest, proceed to Number 1 below. If, as of the date of service of said Writ, Garnishee was not in custody, control or possession of such property, sign, date, notarize, and return this Answer of the Garnishee.

1. For non-earnings' property presently in your custody, control or possession, indicate:

| Description of Property | Value of Property | Debtor's Interest in Property |
|---|---|---|
| Disability Retirement Allowance | $ 524.78 per month | |
| | | |
| | | |

**Total** Value of Property $ 524.78 per month

2. If the non-earnings' property listed above is currently subject to previously-served garnishments or court orders, provide the information requested below: (If the noted non-earnings' property is not currently subject to any previously-served garnishments/orders, write "$0.00" on the "Total Due Under Previously-Served Garnishments/Orders" line below.)

| Description of Previously-Served Garnishment/Order | Amount Due Under Previously-Served Garnishment/Order |
|---|---|
| | $ |
| | $ |
| | $ |

**Total Due Under Previously-Served Garnishments/Orders** $ 0.00

3. Determine the extent to which the non-earnings' property presently in your custody, control or possession is available for this garnishment:

a. Enter the amount listed on the "Total Value of Property" line in Number 1 above. $ 524.78

b. Enter the amount listed on the "Total Due Under Previously-Served Garnishments/Orders" line in Number 2 above (including "$0.00"). $ ____________

c. **Current Non-Earnings' Property Available for this Garnishment** (subtract line "b" from line "a") $ 524.78

If you do not claim an exemption, objection, defense or set-off against the amount stated on Line "c" above, you must now retain that amount, up to the total debt balance due as set forth in the Writ of Garnishment, pending further order of the Court. (Note, the debtor is responsible under this garnishment for all interest that accrues on this debt through the date on which payment in full is sent to the defendant.)

If you do contend that some portion of the amount listed on Line "c" above is not subject to this garnishment, indicate the reason(s) for your contention:

_____ The Garnishee claims, on behalf of the judgment debtor, the exemption noted on Line ______ of the Claim for Exemption

Form. The amount the Garnishee contends is available from current non-earnings' property for this garnishment is $ ____________.

_____The Garnishee claims the following objection, defense or right to set-off from the non-earnings' property available for this garnishment: ______________________________________________.

The amount the Garnishee contends is available from current non-earnings' property for this garnishment is $________________.

---

The Garnishee mailed a copy of the Answer of Garnishee, by first-class mail, to:

Counsel for United States at:
United States Attorney's Office
Att: Financial Litigation Unit
600 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

The Debtor, at:

Merna Jean Sunde
XXX XXXXXXXX XXXXX
Albert Lea, MN 56007

The Garnishee sent the original Answer of Garnishee, by first-class mail, to :

Clerk of United States District Court
202 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

Rory J Coffey CalPERS Senior Staff Counsel
Garnishee

SUBSCRIBED and SWORN to before me this

6th day of July, 2005.

Jacqueline Marie Sumner
NOTARY PUBLIC

Jacqueline Marie Sumner
Comm. #1420988
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
My Comm. Expires May 30, 2007

**PROOF OF SERVICE** CR 00-29(1) PAM

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: California Public Employees' Retirement System, Lincoln Plaza, 400 "P" Street, Sacramento, CA 95814 (P.O. Box 942707, Sacramento, CA 94229-2707).

On July 7, 2005, I served the foregoing document described as:

ANSWER OF THE GARNISHEE (NON-EARNINGS) – United States of America, Plaintiff v. Merna Jean Sunde, Defendant, and California Public Employees' Retirement System, Garnishee, No. 00-29(1) PAM

on interested parties in this action by placing ___ the original XX a true copy thereof enclosed in sealed envelopes addressed as follows:

Counsel for the United States at:
United States Attorney's Office
Att: Financial Litigation Unit
600 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

Merna Sunde
[redacted]
Albert Lea, MN 56007
Via Certified Mail

[ xx ] BY MAIL – As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Executed on July 7, 2005, at Sacramento, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Nancy Twomey
(Type or Print Name)

Nancy Twomey
(Signature)