UNITED STATES DISTRICT COURT
STATE AND DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>-vs-<br>MERNA JEAN SUNDE,<br>Defendant. | ) | CASE NO. 00-29 (PAM/ESS)<br><br>PLEA AGREEMENT |

The United States of America and MERNA JEAN SUNDE (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count 40 of the indictment, which in count 40 charges the defendant with money laundering with the intent to promote the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and Section 2. The United States agrees to dismiss the remaining charges at the time of sentencing.

2. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements. The defendant is also aware that a sentence imposed under the guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for her offense.

FILED OCT 16 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(69)

GOVERNMENT EXHIBIT M

3. The Office of the United States Attorney for the State and District of Minnesota reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the defendant and her background.

4. The United States and the defendant understand and agree that the Court may impose any sentence authorized by law and that the defendant may not withdraw her plea solely as a result of the sentence imposed. The defendant understands and agrees that the Court may impose a statutory maximum term of imprisonment on count 40 of up to twenty (20) years, followed by a term of supervised release of up to five (5) years. Also, in addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $500,000.00 or twice the value of the property involved in the transaction, whichever is greater. The defendant understands that if she violates any condition of supervised release she can be sentenced to an additional term of imprisonment up to the length of the original term of supervised release.

5. The defendant further understands and agrees that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed.

6. The defendant is also aware that the sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range that she may receive from her counsel, the government or the probation office, is a prediction, not a promise, and is not binding on the Court.

GUIDELINE RANGE

7. The United States and the defendant agree that the base offense level applicable to the defendant is 23 under Section 2S1.2(a)(1). The United States and the defendant do not agree concerning whether the defendant is entitled to acceptance of responsibility. The parties agree to argue their respective positions regarding the applicability of Section 3E1.1 concerning acceptance of responsibility of this defendant. It is anticipated that the defendant's criminal history category will be I. The defendant acknowledges that her guideline range will be determined by the sentencing court and that she can not withdraw her plea of guilty based on the sentence she receives.

FACTUAL BASIS

8. The defendant acknowledges the following facts are true and susceptible to proof by the United States:

The defendant would advertise in various tabloid magazines in order to solicit individuals to send her money by falsely and fraudulently representing to the individuals that paying an advance sum of money to process an application would allow the individual

to obtain a free grant of money from entities or philanthropic persons who were providing these monies for either charitable or tax write-off purposes In addition, the defendant would also solicit individuals who responded to her advertisements, through false and fraudulent representations and promises, to pay her money in order for the defendant to utilize "psychic powers" to: return lost loves; provide winning lottery numbers; remove spells, hexes and curses, and promote career advancement. The defendant acknowledges that she used the United States mails, private or commercial interstate carriers and the use of interstate transmittals over the wires to carry out this scheme to defraud and to obtain money from victims.

The defendant hereby acknowledges that upon receipt of these monies, she would knowingly deposit or cause to be deposited those monies into an account in the name of the United Pastoral Church, located at a federally insured bank in Lake Mills, Iowa, for the purpose of concealing these monies. The defendant would then use the monies obtained by the victims to pay for advertising costs which were used to solicit the victims in this scheme to defraud. The payment of these advertising costs were sent in interstate commerce to the advertiser, Globe Classified Group. Specifically, on January 6, 1997, the defendant caused approximately $588.00 of victims funds to be sent from Minnesota to New York, in interstate commerce, to pay for advertising costs.

9. The defendant understands and knowingly and voluntarily agrees under the authority of Title 18, United States Code, Section 3663A(a)(3) that she is responsible for restitution to all victims who were defrauded under the scheme and artifice to defraud as set forth in the indictment, whether or not those victims were specifically listed by name in the indictment. It is the intent of this paragraph that the parties agree that the court shall order restitution to all the victims of the defendant's scheme to defraud for the full amount of their loss, even though the defendant is not pleading guilty to this scheme to defraud. The amount of restitution is not agreed upon and the parties acknowledge that this amount shall be determined by the sentencing court.

10. The defendant reserves the right to argue for a downward departure or downward adjustment on any basis supported by law. The United States reserves its rights to oppose any such downward adjustment or departure. Likewise, the United States reserves its right to argue for an upward adjustment or departure on any basis supported by law and the defendant reserves her right to oppose any such upward adjustment or departure.

APPELLATE WAIVER

11. The defendant also is expressly aware that Title 18, United States Code, Section 3742 affords her the right to appeal the sentence imposed in this case. Acknowledging this right, in exchange for the concessions made by the United States in this plea

agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal her sentence, unless the sentence exceeds 240 months imprisonment, as set forth as the statutory maximum. The defendant understands that she will be sentenced in conformity with the Sentencing Guidelines. In addition, the defendant expressly waives her right to appeal under Title 28, United States Code, Section 2255 and acknowledges that she has discussed these rights with her attorney and is satisfied that she understands the rights she is waiving and does so knowingly, intelligently and voluntarily.

12. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

B. TODD JONES
UNITED STATES ATTORNEY

Date: 10/16/00 By: Wm Michael Jr
WILLIAM MICHAEL JR.
ASSISTANT UNITED STATES ATTORNEY

Date: 10/16/00 By: Michelle Jones
MICHELLE JONES
ASSISTANT UNITED STATES ATTORNEY

Date: 10/16/00 By: [signature]
PAUL APPLEBAUM
ATTORNEY FOR DEFENDANT

Date: 10/16/00 By: Rev. Merna Jean Sunde-Martin, DD
MERNA JEAN SUNDE
DEFENDANT