UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America, Crim. No. 00-029(1) (PAM)

Plaintiff,

v. **MEMORANDUM AND ORDER**

Merna J. Sunde,

Defendant.

---

This matter is before the Court on Defendant's Objections to the Answer of the Garnishee. For the reasons that follow, the Court overrules the Objections.

**BACKGROUND**

Defendant was sentenced to fifty-one months in custody and was ordered to pay $465,161.00 in restitution on July 24, 2001. The Court entered a Judgment and Commitment ("J&C") Order making restitution payable on a payment plan to be established by the Court. On June 3, 2002, the Court clarified the J&C Order and made restitution due and payable immediately.

Defendant failed to pay restitution in compliance with the Court's Order, and the United States made a demand for payment in full on June 10, 2004. The United States sought a writ of garnishment, and a Writ of Continuing Garnishment was issued pursuant to 28 U.S.C. § 3205, on April 22, 2005. The garnishee, the California Public Employees Retirement System, timely answered the Writ. The Notice sent to Defendant advised her that she could request a hearing if she believed the property was exempt from garnishment or if she thought she did not owe the Government any money. Defendant timely filed Objections to the Answer

of the Garnishee and requested a hearing pursuant to the Notice. Defendant opposes the Government's garnishment of her pension on the following grounds: (1) her pension is exempt under an Order dated August 14, 2001; (2) the Writ of Garnishment violates the payment terms outlined in the J&C Order; (3) the garnishment violates the plea agreement; (4) the garnishment will cause her hardship; and (5) her pension is exempt from garnishment as personal property.[1]

**DISCUSSION**

The Court finds all of Defendant's Objections without merit. First, Defendant's pension is not exempt from garnishment pursuant to any court order. The document dated August 14, 2001, to which Defendant refers is not a court order at all, but a copy of the Bureau of Prisons Sentencing Monitoring Computation form. The portion of the form containing information about restitution merely explains that the Court ordered monetary restitution, not the return of property.

Second, the J&C Order of July 24, 2001, does not prohibit garnishment of Defendant's pension. On June 3, 2002, the Court clarified the original J&C Order and explained that restitution was immediately due and payable. Defendant is now paying $100.00 a month as

[1] In her Additional Addendum to Objection to the Answer of Garnishee, Defendant also asserted that the garnishment amount of $524.78 is wrong because some of that amount is for a Purchasing Power Protection Allowance and Medicare Reimbursement. Because this argument is untimely under 28 U.S.C. § 3205 and was filed after the United States's Response, the Court does not address it.

required by her probation officer,[2] but compliance with this term of her supervision is not a bar to garnishment. See United States v. James, 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004). Thus, the Writ of Garnishment does not violate the J&C Order. To the extent Defendant's Objections challenge the J&C Order, this is not properly before the Court. See 28 U.S.C. § 3202(d); United States v. Pugh, No. 03-1125, 2003 WL 22048360, at *1 (8th Cir. Sept. 3, 2003).

Third, garnishment of Defendant's pension does not violate the plea agreement. The plea agreement states that Defendant is responsible for restitution to all victims for the full amount of their losses, and the agreement does not address what assets will be available for restitution.

Fourth, Defendant's alleged financial and medical hardships do not exempt her pension from garnishment. Defendant has identified no legal authority that hardship is an exemption to mandatory restitution. The Writ of Garnishment in this case was issued pursuant to 28 U.S.C. § 3205, which contains no exemptions for hardship. Moreover, 18 U.S.C. § 3613, which is made applicable to orders of restitution by subsection (f), defines what property is exempt from restitution and does not exempt pension plans. Notably, only twenty-five percent of Defendant's disposable earnings is subject to garnishment, which leaves Defendant seventy-five percent of her disposable earnings on which to live. See 28 U.S.C. § 3002(9).

[2] Defendant is currently on supervision and is required to pay $100.00 a month to comply with the terms of supervision.

Finally, Defendant's pension is not exempt from garnishment as personal property. Although military and railroad pensions are exempt, public employee pensions are not. See 18 U.S.C. § 3613(a)(1); 26 U.S.C. § 6334(a)(6); James, 312 F. Supp. 2d at 805.

**CONCLUSION**

Defendant's Objections to the Answer of the Garnishee are without merit. Accordingly, **IT IS HEREBY ORDERED THAT** the Objections (Clerk Doc. No. 141) are **OVERRULED**.

Dated: January 27, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge